**Christopher W. Angius**, Alaska Bar No. 0510076 *(admitted pro hac vice)*
Email: serve.cwa@hklaw.com
**Seth H. Row** *(admitted pro hac vice)*
Email: serve.shr@hklaw.com
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204-3604
Telephone: (503) 243-2300
Facsimile: (503) 241-8014

**Joseph R.D. Loescher**, Alaska Bar No. 7911108
Email: joeloescher@aol.com
Law Office of Joseph R.D. Loescher
902 South 10th Street
Tacoma, Washington 98405
Telephone: (253) 272-2206
Facsimile: (253) 272-6439

Attorneys for Defendants Maytag Corporation and Fedders Corporation

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID AND MARGE BERG, | Case No. A00-151CV (JWS) |
| Plaintiffs, | ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT |
| v. | |
| NORGE CORPORATION, and its successors in interest, FEDDERS CORPORATION, MAGIC CHEF CORPORATION, and MAYTAG CORPORATION, | (SUBMITTED BY DEFENDANTS FEDDERS CORPORATION and MAYTAG CORPORATION) |
| Defendants. | |

For its Answer and Affirmative Defenses, Defendants Fedders Corporation ("Fedders")

and Maytag Corporation ("Maytag") (or collectively "Defendants"), through undersigned counsel,

admits, denies, and alleges as follows in response to the Fourth Amended Complaint (the

"Complaint") of Plaintiffs David and Marge Berg (collectively "Plaintiffs") in correspondingly

numbered paragraphs:

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

Page 1

## ANSWER

1.     To the extent a response to this paragraph is required, Maytag admits that plaintiffs allege claims giving this court jurisdiction under the cited statutes.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore deny those allegations.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore deny the allegations in paragraph 3 of the Complaint.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore deny those allegations.

5.     Defendant Fedders denies that it or any of the corporate defendants are or were successors in interest to the Norge Corporation. Fedders admits that in 1968 it acquired from the Borg-Warner Corporation Borg-Warner's "Norge Division," a business engaged in manufacturing and selling products of various types. Fedders admits that subsequent to 1968 it manufactured dry cleaning equipment, including self-service dry cleaning equipment, under the brand name "Norge." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and therefore deny those allegations.

6.     Defendant Fedders denies the allegations of paragraph 6 of the Complaint.

7.     Defendant Fedders admits that in 1979 it sold certain of its interests in the Norge Division to Magic Chef, Inc., but denies that Magic Chef, Inc. or any of the corporate defendants are successors in interest to Fedders or Norge. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and therefore deny those allegations.

8.     Defendants assert that Magic Chef, Inc. does not exist as a corporation. Defendants deny that Magic Chef, Inc. continued the alleged Norge business enterprise of

**HOLLAND & KNIGHT LLP**
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

Page 2

manufacturing, selling, installing and servicing Norge dry cleaning equipment under the same name, denies that Magic Chef, Inc. was or is a successor in interest to Fedders or Norge, denies that Magic Chef, Inc. is liable for any damages sought in this action, and further denies that any action or inaction on the part of Magic Chef, Inc. caused any of the damages sought in this action. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and therefore deny those allegations.

9.    Defendant Maytag admits that in 1986, defendant Maytag acquired Magic Chef, Inc. Defendant Maytag denies that it "assumed all liabilities for the prior and future sale of Norge Dry Cleaning Equipment," denies that it continued the "Norge business enterprise," and further denies that it is or was the successor-in-interest to Norge Corporation or Fedders Corporation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint, and therefore deny those allegations.

10.    Defendants admit that Fedders has assumed the defense of Maytag in cases related to equipment that bore the "Norge" brand name, admit that Maytag has assumed the defense of Fedders in other cases related to equipment that bore the "Norge" brand name, and deny the remaining allegations in paragraph 10 of the Complaint.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore deny those allegations.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore deny those allegations.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore deny those allegations.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore deny those allegations.

**HOLLAND & KNIGHT LLP**
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

Page 3

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore deny those allegations.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore deny those allegations.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 17 of the Complaint, and therefore deny those allegations.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore deny those allegations.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore deny those allegations.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore deny those allegations.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore deny those allegations.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore deny those allegations.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore deny those allegations.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore deny those allegations.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore deny those allegations.

26.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore deny those allegations.

27.    Defendants are without knowledge or information sufficient to form a belief as to

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

Page 4

the truth of the allegations in paragraph 27 of the Complaint, and therefore deny those allegations.

28.    Defendant Fedders denies the allegations in paragraph 28 of the Complaint.

29.    Defendant Maytag denies that it is the successor in interest to Norge or Fedders, and denies the remaining allegations in paragraph 29 of the Complaint.

30.    Defendants deny the allegations in paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Fourth Amended Complaint, and each and every cause of action alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by persons other than Defendants and over whom Defendants had no control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are the result of plaintiffs' own negligence or fault, for which plaintiffs' recovery must be precluded or reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any, and failed to protect themselves from avoidable consequences.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by failure to provide Defendants, or any of them, with proper notice under any applicable warranty.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the express exclusions, modifications, and limitations set forth in any applicable warranty.

**HOLLAND & KNIGHT LLP**
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

Page 5

### SEVENTH AFFIRMATIVE DEFENSE

The products at issue did not reach plaintiffs without substantive change in the condition in which they were sold.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the products described in plaintiffs' complaint were misused, and/or improperly maintained after their manufacture.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, resulted from a use of the products which was not reasonably foreseeable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs' damages were not proximately caused by any act or omission of any Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and repose.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or preempted, in whole or in part, by federal law, statutes, and regulations.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any product, component part or service provided by any defendant to plaintiffs was reasonably fit and suitable for the purpose for which it was provided, complied with all industry standards and regulations, and represented the

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

Page 6

state of the art at the relevant time.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe for adjudication.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because none of the defendants is a potentially liable person under AS 46.03.822 and, therefore, none of the corporate defendants is liable for contribution to plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Alaska CERCLA are barred because there is no judicial or formal administrative action underway as required by AS 46.03.822(j).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred because plaintiffs are themselves responsible parties and have not expended more than their fair or proportionate share of the response costs.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim to the extent it seeks recovery of payments made in response to claims by the State of Alaska is barred due to plaintiffs' failure to tender the claims to defendants prior to payment.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that plaintiffs' claim seeks recovery for economic losses caused by damage to the property of a third party or parties, such recovery is not available under Alaska law.

Defendants reserve the right to add those affirmative defenses which they deem necessary to their defense during or upon the conclusion of investigation and discovery.

**HOLLAND & KNIGHT LLP**
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

Page 7

WHEREFORE, Defendants pray for judgment in their favor dismissing Plaintiffs' claims, for an award of costs and disbursements, and for such other and further relief as the Court may deem just and proper.

DATED this 20th day of January, 2006.

HOLLAND & KNIGHT LLP

By: _Seth p Row_____

**CHRISTOPHER W. ANGIUS**
Alaska Bar No. 0510076
**SETH H. ROW**
(*admitted pro hac vice*)
Telephone: (503) 243-2300

LAW OFFICE OF JOSEPH R.D. LOESCHER
**JOSEPH R.D. LOESCHER**
Alaska Bar No. 7911108

**Attorneys for Defendants Fedders
Corporation and Maytag Corporation**

**HOLLAND & KNIGHT LLP**
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

Page 8

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT on the following person:

Michael W. Flanigan
Walther & Flanigan
1029 W. 3rd Avenue, Suite 250
Anchorage, AK 99501

by the following indicated method or methods:

☒   by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐   by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐   by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, the last-known office addresses of the attorneys, on the date set forth below.

☐   by causing full, true, and correct copies thereof to be delivered via electronic mail to the parties and/or their attorneys at their last-known e-mail addresses listed above on

☐   by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED this 20th day of January, 2006.

_____
Christopher W. Angius
Seth H. Row
Joseph R.D. Loescher

# 3507279_v1

HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 243-2300

CERTIFICATE OF SERVICE